UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| YULIAN HOYDASH, | Case No. 18-cv-04046-JSW |
|---|---|
| Plaintiff, | |
| v. | **ORDER OF SERVICE** |
| CARLOS BOLANOS, et al., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff is an inmate at the Maguire Correctional Facility in Redwood City, California. Salinas Valley State Prison ("SVSP"). Proceeding pro se, he filed a civil rights complaint under 42 U.S.C. § 1983. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is dismissed in part and ordered served upon the three individual defendants.

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . .. claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . .. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

When liberally construed, Plaintiff's allegations that he complained to Deputy Arqueza and Deputy Lugo-Fuentes that his cellmate was threatening him, that the deputies failed to move him or his cellmate, and that his cellmate thereafter assaulted him, state a cognizable claim for the violation of his constitutional right to be protected from known harms while in jail.

Plaintiff also names as Defendants the Sheriff of San Mateo County, Captain Scott Kirkpatrick, and Correctional Health Services. He makes no allegations against them, and they are not liable simply because they are the superiors or employers of Arqueza and Lugo-Fuentes. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, the claims against them will be dismissed.

**CONCLUSION**

For the reasons set out above, it is hereby ordered as follows:

1. The claims against defendants Sheriff Carlos Bolanos, Captain Scott Kirkpatrick, and Correctional Health Services are DISMISSED.

2. The Clerk shall issue summons and the United States Marshal shall serve, without

2

prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon **Defendants Arqueza and Deputy Lugo Fuentes at the Maguire Correctional Facility in Redwood City, California.** A courtesy copy of the complaint with attachments and this order shall also be mailed to the San Mateo County Counsel's Office.

3. Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

    a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    e. Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

5. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No

further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 15, 2018

JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.